IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ORLANDO ALICEA, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| GERALD ROZUM, et al. | : | |
| Respondents. | : | NO. 12-7025 |

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated at Somerset State Correctional Institution in Somerset, Pennsylvania. For the following reasons, it is recommended that the petition be DISMISSED as untimely.

I. PROCEDURAL HISTORY

On October 12, 2006, after a jury trial in the Court of Common Pleas of Lancaster County, petitioner Jose Orlando Alicea was found guilty of twenty-nine (29) counts of burglary and one (1) count of criminal attempt at burglary. Petitioner was sentenced on December 20, 2006 to an aggregate of nineteen and a half (19 ½) to forty (40) years in prison. Judge Reinaker of the Court of Common Pleas of Lancaster County denied petitioner's post-sentence motion. Petitioner appealed his judgment of sentence before the Superior Court of Pennsylvania, and on May 2, 2008, the Superior Court affirmed petitioner's sentence. On October 8, 2008, the Supreme Court of Pennsylvania denied petitioner's petition for allowance of appeal.

1

On July 6, 2009, petitioner filed his first petition for post-conviction relief. Petitioner was appointed counsel and filed an amended Post Conviction Relief Act (PCRA) petition on May 27, 2010. An evidentiary hearing was held on September 29, 2010. In his PCRA petition, petitioner alleged the following claims:

> (1) Appellate counsel was ineffective when she failed to properly raise during the direct appeal that the defendant's confession was involuntary due to the coercive conditions in which it was made;
>
> (2) Trial counsel was ineffective when she failed to object to the improper closing arguments by the prosecutor; and
>
> (3) Appellate counsel was ineffective when she failed to raise during the direct appeal that the assistant district attorney had engaged in prosecutorial misconduct during his closing argument to the jury.

On February 22, 2011, the PCRA court denied petitioner's PCRA petition. The Superior Court subsequently affirmed the PCRA court's denial on September 23, 2011. The Supreme Court of Pennsylvania denied petitioner's petition for allowance of appeal on February 22, 2012. Petitioner did not file for reconsideration at this time and did not file a petition for certiorari with the Supreme Court of the United States.

Petitioner filed a second PCRA petition on August 3, 2012. Because it was filed almost four years after the one-year time period for filing a PCRA petition, and the PCRA court found that no exception applied, the PCRA court dismissed the petition as untimely on August 10, 2012. Petitioner filed *pro se* a petition for reconsideration and the PCRA court denied the petition on December 13, 2012.

On December 12, 2012 petitioner filed the instant § 2254 Habeas Corpus Petition.[1]

---

[1] Although the habeas petition was not docketed by this court until December 17, 2012, (Doc. No. 1), the "mailbox rule" applies. Under the "mailbox rule," a *pro se* prisoner's habeas petition is

Based on petitioner's habeas petition and supporting memorandum, the court interprets petitioner's claims for relief to be as follows:

    (1) Trial counsel was ineffective for misinforming petitioner about plea offer;

    (2) Police violated petitioner's due process rights by denying petitioner fair notice of search and arrest warrants and by engaging in police brutality;

    (3) Petitioner's confession was involuntary due to coercive conditions; and

    (4) Trial counsel was ineffective for failing to object to the prosecutor's improper closing argument.

Respondents argue that petitioner's first three claims are procedurally defaulted and the fourth claim should be denied for failure to state a meritorious claim for relief. After thorough review of petitioner's habeas petition and the entire record, we find that petitioner's habeas petition is untimely and recommend that the petition be DISMISSED. Although respondents did not argue that petitioner's habeas petition is untimely, the court can find the petition untimely on its own review.

## II. TIMELINESS

### A. Statutory Tolling

Petitioner's allegations of substantive grounds for relief need not be examined, as these claims are barred by the procedural obstacle of timeliness. A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, *et seq.*, which was amended under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in April 24, 1996. Under section 2244(d), the AEDPA provides:

---

considered filed on the date the prisoner delivers the complaint to prison authorities for filing. See Houston v. Lack, 487 U.S. 266, 276 (1988). Here, petitioner signed his petition on December 12, 2012, so we will presume that he delivered it to authorities for filing on that date as well.

> A 1-year period of limitation shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (1996).

The statute also creates a tolling exception, which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2254(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out-of-time application, and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes. Merrit v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

Here, petitioner's judgment of sentence became final on January 8, 2009, ninety (90) days after the Supreme Court of Pennsylvania denied petitioner's petition for allowance of appeal and upon expiration of the time in which petitioner could seek review by the Supreme Court of the United States. See Sup. Ct. R. 13.1 (a petition for writ of certiorari seeking review of a state

4

court judgment that is subject to discretionary review by the state court is timely if filed within 90 days after entry of the order denying discretionary review). Petitioner's one-year limitations period to file for habeas relief began to run on January 8, 2009. Absent tolling of the limitation period, petitioner had until January 8, 2010 to file a habeas petition. See § 2244(d)(1)(A). However, because petitioner sought collateral relief, statutory tolling applies.

On July 6, 2009, petitioner filed a PCRA petition, at which time one-hundred seventy-nine (179) days of the limitations period had passed. The limitations period was tolled until February 22, 2012, the date the Supreme Court of Pennsylvania denied review of the PCRA court's denial of collateral relief. Petitioner's second PCRA petition, filed on August 3, 2012 and dismissed as untimely, does not continue to toll the statute of limitations. As stated above, section § 2254(d)(2) only provides a tolling exception for a "properly filed" post-conviction petition. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing such filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). The Supreme Court has clarified that a state court's determination as to timeliness is the "end of the matter" for purposes of the AEDPA. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). Therefore, petitioner is not entitled to statutory tolling for the period of time during which his August 3, 2012 PCRA petition was pending in the PCRA Court or Superior Court, as this petition was not properly filed under state law and ultimately was determined to be untimely.

Accordingly, on February 22, 2012 after the Supreme Court of Pennsylvania denied review of petitioner's first PCRA petition, the habeas limitations period began to run again. At this time, there were one-hundred eighty-six (186) days remaining in the limitations period, until August 26, 2012. Because the last day of the limitations period was a Sunday, the

5

limitations period expired on the next day that was not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C). Thus, the last date on which petitioner could file a timely petition for habeas relief was Monday, August 27, 2012. Petitioner did not file the instant habeas petition until December 12, 2012, one hundred seven (107) days after the AEDPA's period of limitation expired. Therefore, even with statutory tolling, petitioner's habeas petition was untimely.

  B. <u>Equitable Tolling</u>

    Notwithstanding that statutory tolling failed to help petitioner overcome the one-year habeas limitations period, equitable tolling may apply. The Third Circuit has held that the statute of limitations in the AEDPA is subject to equitable tolling. <u>Merrit</u>, 326 F.3d at 168. However, the court has cautioned that equitable tolling should be invoked sparingly. <u>United States v. Midgley</u>, 142 F.3d 174, 179 (3d Cir. 1998). Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." <u>Miller</u>, 145 F.3d at 618-19 (internal quotation omitted). The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." <u>Id.</u> (internal quotation omitted).

    The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001),

6

cert. denied, 122 S. Ct. 323 (2001) (citing cases). To otherwise "apply equity generously would lose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In the instant case, petitioner has failed to argue that any valid circumstances exist to equitably toll the statute of limitations, and thus, the habeas petition must be dismissed in its entirety.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this **24th** day of April, 2013, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED. It is also RECOMMENDED that a certificate of appealability not be granted.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE