IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOSE ORLANDO ALICEA, | : |
| Petitioner, | : |
| | : |
| v. | : Civ. No. 12-7025 |
| | : |
| GERALD ROZUM, et al., | : |
| Respondents. | : |
| | : |

## ORDER

State prisoner Jose Orlando Alicea petitions for habeas relief. 28 U.S.C. § 2254. I will overrule Petitioner's *pro se* objections (Doc. No. 10), accept the Magistrate Judge's Report and Recommendation (Doc. No. 9), and deny Alicea's Petition.

The Magistrate Judge has set out the procedural history in her Report and Recommendation. In sum, Petitioner was convicted of twenty-nine counts of burglary and one count of attempted burglary in the Lancaster County Common Pleas Court. On December 20, 2006, he was sentenced to 19½ to 40 years' incarceration. Petitioner exhausted his state court remedies and now seeks habeas relief.

The Magistrate Judge recommends that I deny relief based on AEDPA's statute of limitations. (Doc. No. 9, at 5 (citing 28 U.S.C. § 2254(d)(1)(A).) The Magistrate Judge concluded that AEDPA's strict one-year limitations period expired on August 27, 2012. (Doc. No. 9, at 6.) The instant Petition was filed 107 days later on December 12, 2012.

In reviewing Petitioner's objections to the Report and Recommendation, I will "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Petitioner raises only one objection to the Magistrate Judge's calculation of the limitations period. The Magistrate Judge found that Petitioner's judgment of sentence became final—thus starting the AEDPA clock—on January 8, 2009. (Doc. No. 9, at 4.) Petitioner argues that his conviction became final on October 8, 2008. (Doc. No. 10 ¶ 3.) As an initial matter, Petitioner's objection—were it valid—would actually hurt his case, as the limitations period would have expired even earlier. In any event, he is incorrect. The Pennsylvania Supreme Court denied *allocatur* on October 8, 2008, but the conviction did not become "final" until the period for seeking review by the U.S. Supreme Court expired 90 days later—on January 8, 2009. Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) (Alito, J.) ("[I]f a defendant does not file a certiorari petition, the judgment of conviction does not become 'final' until the time for seeking certiorari review expires.") Petitioner makes no attempt to argue that equitable tolling applies. Accordingly, the Petition is untimely.

Petitioner's other "objections" are either incomprehensible or inapposite—procedural default and the Supreme Court's recent decision in Martinez v. Ryan are not apposite. 132 S. Ct. 1309 (2012). Accordingly, the Petition will be denied.

**AND NOW**, this 22nd day of July, 2013, it is hereby **ORDERED** that the Petition for a writ of habeas corpus (Doc. No. 1) is **DENIED** and the Magistrate Judge's Report and Recommendation is **APPROVED AND ADOPTED**. There is no basis for issuing a certificate of appealability. The Clerk shall mark this case **CLOSED** for statistical purposes.

**AND IT IS SO ORDERED.**

_____
Paul S. Diamond, J.